1
2
3
4
5
6        UNITED STATES DISTRICT COURT
7        NORTHERN DISTRICT OF CALIFORNIA
8
9   STEPHEN KOBE,                          No. C 09-506 SI (pr)
10              Petitioner,                **ORDER TO SHOW CAUSE**
11        v.
12   BEN CURRY, warden,
13              Respondent.
14   _____/
15
16                        **INTRODUCTION**
17          Stephen Kobe, an inmate at the Correctional Training Facility in Soledad, filed this pro
18   se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  His petition is now
19   before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing
20   Section 2254 Cases.  The filing fee has been paid.
21
22                         **BACKGROUND**
23          Kobe states in his petition that he is serving a sentence of 25 years to life on a 1980
24   conviction in San Diego County Superior Court for first degree murder.  His petition does not
25   challenge that conviction but instead challenges a September 6, 2007 decision by the Board of
26   Parole Hearings ("BPH") to find him not suitable for parole.  Kobe states that he filed
27   unsuccessful habeas petitions in the state courts, including the California Supreme Court, before
28   filing this action.

United States District Court
For the Northern District of California

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Kobe alleges several claims in his petition.  First, he alleges that his right to due process was violated because the evidence was insufficient to support the decision of the BPH.  This claim is cognizable.  Kobe's contention that the BPH based its decision on factors having no indicia of reliability on the question of present dangerousness is not a separate claim but instead is an argument in support of the due process claim regarding the sufficiency of the evidence.

Second, he alleges that the BPH violated his "right to be free from the constitutional prohibitations (sic) against the impairment of contracts under the Due Process and Equal Protection Clauses of the United States Constitution." Docket # 1, p. 25.  The due process claim based on the alleged breach of the plea agreement is cognizable.  The equal protection claim is dismissed because there are no allegations suggestive of an equal protection violation.

Third, he asserts a challenge under the Contracts Clause of the Constitution.  U.S. Const, art. I, § 10.  This claim is dismissed because Kobe has not alleged the enactment of any *law* that impaired a contract.  See Ross v. State of Oregon, 227 U.S. 150, 162-63 (1913) (Contracts Clause applies to exercise of legislative authority).  Kobe also has failed to identify any U.S. Supreme Court case holding that a breach of a contract such as a plea agreement amounts to a violation of the Contracts Clause.  See Williams (Terry) v. Taylor, 529 U.S. 362, 412 (2000) (restricting source of federal habeas relief, under § 2254(d)(1), to decisions of the United States

Supreme Court).

Fourth, he contends that the denial of parole violates the <u>Apprendi</u> rule. This claim is meritless because Kobe's Sixth Amendment rights were not implicated, let alone violated, by anything the BPH did in considering his case.  The rule from the line of Supreme Court cases that started with <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), is that, "under the Sixth Amendment, any fact that exposes a defendant to a greater potential sentence [than the statutory maximum] must be found by a jury, not a judge, and established beyond a reasonable doubt, not merely by a preponderance of the evidence."  <u>Cunningham v. California</u>, 549 U.S. 270, 281 (2007).   Kobe's claim runs into the insurmountable hurdle that the statutory maximum for his crime is life imprisonment.  No additional facts need to be found in order for Kobe to be kept in prison for the rest of his life.  Nothing the BPH did has caused Kobe's sentence to extend beyond the life maximum to which he was sentenced and for which he may be imprisoned based on the murder conviction.  He has no right to jury trial in connection with any decision whether to release him before the expiration of his life maximum term.  That the <u>Apprendi</u> line of cases does not apply is evidenced by the fact that an indeterminate sentencing scheme is one of the proposed solutions to the jury trial problems caused by determinate sentencing schemes the Court has invalidated.  <u>See, e.g.</u>, <u>Blakely v. Washington</u>, 542 U.S. 296, 305 (2004) (citing with approval <u>Williams v. New York</u>, 337 U.S. 241 (1986) (judge's consultation of facts outside the trial record to decide whether to sentence defendant to death did not violate the jury trial right because the indeterminate sentencing scheme allowed the judge to sentence the defendant to death or imprisonment)); <u>see also id.</u> at 332 (Breyer, J., dissenting) (noting that one of the alternatives to Guidelines-type sentencing scheme  is indeterminate sentencing, such as California's former system).  In <u>Blakely</u>, the Court explained that indeterminate sentencing that gives a judge greater judicial power to set the sentence does not infringe on the province of the jury: "It increases judicial discretion, to be sure, but not at the expense of the jury's traditional function of finding the facts essential to the lawful imposition of the penalty.  Of course, indeterminate schemes involve judicial factfinding, in that a judge (like a parole board) may

implicitly rule on those facts he deems important to the exercise of his sentencing discretion. But the facts do not pertain to whether the defendant has a legal right to a lesser sentence–and that makes all the difference insofar as judicial impingement upon the traditional role of the jury is concerned." Blakely, 542 U.S. at 308-09.  In sum, Apprendi and its progeny have no application to the parole decision for a prisoner serving an indeterminate life sentence, such as Kobe.

Fifth, Kobe asserts several claims that are state law error claims, such as his claims that some evidence was improperly admitted and his attorney breached an attorney/client privilege. The state law error claims are dismissed because federal habeas relief is not available for state law errors and is only available for violations of the Constitution or laws or treaties of the United States. See 28 U.S.C. § 2254(a).

The court is aware that a decision in particular case pending in the Ninth Circuit may provide guidance for the consideration of the petition.  In Hayward v. Marshall, 9th Cir. Case No. 06-55392, the panel's published decision, 512 F.3d 536 (9th Cir. 2008), was vacated when rehearing en banc was granted on May 16, 2008.  The en banc oral argument took place on June 24, 2008, and the parties have finished their original briefing, as well as two supplemental rounds of briefing.  There is no set date for a decision in the Hayward, however.  Respondent should not to seek a stay of this action pending a decision in Hayward.  See Yong v. INS, 208 F.3d 1116, 1120-22 (9th Cir. 2000) (it is an abuse of discretion for a district court to stay a habeas petition indefinitely pending resolution of a different case involving parallel issues on the basis of judicial economy).  As an alternative to a stay, the court will be receptive to a reasonable request for an extension of time if a decision in Hayward is not issued by 30 days before the date respondent's brief is due.

/  /  /

/  /  /

/  /  /

4

**CONCLUSION**

For the foregoing reasons,

1.      The petition's due process claims that the evidence was insufficient and that there was a breach of a plea agreement warrant a response.  All other claims are dismissed.

2.      The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California.  The clerk shall also serve a copy of this order on petitioner.

3.      Respondent must file and serve upon petitioner, on or before **January 29, 2010**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent must file with the answer a copy of all portions of the parole hearing record that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4.      If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **March 5, 2010**.  Petitioner's traverse may not exceed 20 pages in length.

5.      Petitioner is responsible for prosecuting this case.  He must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: October 20, 2009

SUSAN ILLSTON
United States District Judge